MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
TIMOTHY LOHSE, Bar No. 177230
timothy.lohse@dlapiper.com
MICHAEL G. SCHWARTZ, Bar No. 197010
michael.schwartz@dlapiper.com
AARON WAINSCOAT, Bar No. 218339
aaron.wainscoat@dlapiper.com
ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
SUMMER KRAUSE, Bar No. 264858
summer.krause@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Plaintiff
CSR TECHNOLOGY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CSR TECHNOLOGY INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. 12-CV-02619-RS<br><br>[~~PROPOSED~~] **CASE MANAGEMENT ORDER** |

On August 23, 2012, the Court held the Initial Case Management Conference at which Plaintiff and Counter-Defendant CSR Technology Inc. ("CSR") and Defendant and Counterclaimant Freescale Semiconductor, Inc. ("Freescale") appeared through their respective counsel of record.  Pursuant to the Court's Order during the Case Management Conference, IT IS HEREBY ORDERED that the following schedule shall be adopted by the Court:

| Event | Proposed Schedule |
|---|---|
| Last day to amend pleadings to add parties without leave of Court | 8/30/2012 |
| Last day to serve Initial Disclosures pursuant to F.R.C.P. 26(a) | 9/6/2012 |
| Deadline for Infringement Contentions (Patent L.R. 3-1 & 3-2) | 10/15/2012 |
| Deadline for Invalidity Contentions (Patent L.R. 3-3 & 3-4) | 1/15/13 |
| Parties to Exchange Terms for Construction (Patent L.R. 4-1) | 2/15/13 |
| Parties to Exchange Proposed Constructions (Patent L.R. 4-2) | 3/7/13 |
| Joint Claim Construction and Pre-Hearing Statement (Patent L.R. 4-3) | 4/4/13 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | 5/1/13 |
| CSR's Opening Claim Construction Brief (Patent L.R. 4-5) | 5/10/13 |
| Freescale's Responsive Claim Construction Brief (Patent L.R. 4-5) | 6/11/13 |
| CSR's Reply Claim Construction Brief (Patent L.R. 4-5) | 6/25/13 |
| Technology at issue tutorial | 7/10/13 |
| Claim Construction Hearing (Patent L.R. 4-6) | 7/17/13 at 10:00 a.m. |
| Further Case Management Conference | To Be Set by Court Following Issuance of Claim Construction Order |

Pursuant to the parties' Joint Case Management Conference Statement and the parties' Joint August 27, 2012, Letter, IT IS HEREBY FURTHER ORDERED as follows:

**1.      Depositions**

Party deposition testimony shall mean Rule 30(b)(6) deposition testimony of a party and Rule 30(b)(1) deposition testimony of current employees of that party.  Each party shall be entitled to take seventy-five (75) hours of party deposition testimony.

Subject to the foregoing limitation on party depositions, each party shall be entitled to take a total of one-hundred fifty (150) hours of fact deposition testimony.

If either party in good faith believes it needs to exceed the foregoing limits as the case progresses, the parties shall to meet and confer in good faith to determine if additional deposition time should be permitted.

The foregoing limitations are not intended to apply to expert depositions. With respect to expert depositions, the parties shall meet and confer in good faith regarding the need for depositions of experts relating to claim construction. The parties also shall meet and confer in good faith to discuss reasonable limitations on expert depositions after service of the parties' expert reports.

**2.    Electronically Stored Information ("ESI")**

Neither party need produce the following ESI:

- Backup tapes and systems created for the sole purpose of disaster recovery.
- Voicemail
- Instant Messaging
- Residual, deleted, fragmented, damaged, or temporary data
- Encrypted data/password-protected files, where the key or password cannot be ascertained after reasonable efforts.

Pursuant to the parties' agreement, it is unnecessary to search individual employees' hand-held electronic devices (*e.g.* their cell phones). The parties shall meet and confer in good faith to reach agreement concerning any additional ESI discovery issues and, if necessary, to submit an additional stipulation addressing such agreements.

**3.    Attorney-Client Privilege and Work Product Doctrine**

The parties need not include communications with litigation counsel on their privilege logs to preserve their privileges or protections. For all other privileged responsive documents created on or before the filing of the initial Complaint, the parties are required to log all privileged responsive documents. The parties are not required to log documents created after the filing of the initial Complaint. The parties shall meet and confer in good faith to determine if

additional limitations on the logging of privileged materials are appropriate in this case.

### 4.     **Expert Communications and Drafts**

The procedures for expert discovery as provided by Federal Rule of Civil Procedure 26(b)(4) shall govern expert discovery.  For the avoidance of doubt, the parties have requested the Court to include the following statement concerning expert discovery:  The parties shall not seek drafts of expert reports, declarations, affidavits, or notes taken by experts retained to testify in this case, whether those reports, declarations, affidavits, or notes relating to this case, to any prior investigation, litigation or proceeding, or to any currently pending investigation, litigation or proceeding involving any of the parties in this case.

The parties shall not seek documents relating to communications between such experts and counsel, including e-mail communications and invoices, whether generated in connection with this case, a prior litigation, or any currently pending investigation, litigation or proceeding involving any of the parties in this case, except for documents, information and things included in or attached to such communications that are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.

The parties shall not inquire at deposition or trial as to the contents of drafts of expert reports, declarations or affidavits, or notes pertaining thereto, whether drafted in connection with this case, a prior litigation, or any currently pending investigation, litigation or proceeding, and that the parties shall not inquire at deposition or at trial as to the expert's communications, written or oral, with counsel, whether generated in connection with this case, a prior litigation, or any currently pending investigation, litigation or proceeding, except to the extent that the expert explicitly references or cites information from counsel in his or her expert report, declaration, affidavit, or testimony.

The parties shall, however, identify and produce copies of any documents referenced or cited by the expert in his or her expert report.  Furthermore, the parties are not restricted from (i) inquiring into the basis of any of the opinions expressed by any experts in his or her report, declaration, or affidavit, including the manner by which such opinions were reached, and information considered in reaching such opinions; (ii) otherwise inquiring into the process by

1 which an expert report, affidavit, or declaration was drafted, provided that, in so doing, the parties
2 may not discover the contents of any such drafts of expert reports, declarations, affidavits, or
3 notes pertaining thereto; or (iii) obtaining reports, testimony, or other discovery or evidence
4 produced in any prior litigation or any currently pending investigation, litigation or proceeding
5 involving the parties in this case.  Not withstanding the above, the parties may discover all facts
6 and data (including documents) considered by the expert in forming his/her opinions.

### 5. Form of Document Production

The parties shall each produce responsive and non-privileged electronic documents electronically in a manner to be agreed upon by the parties.

### 6. ADR Proceedings or Settlement Conferences

The parties shall conduct a non-binding private mediation within ninety (90) days after the Court issues its Claim Construction Order in this case.

### 7. Electronic Service

With respect to documents required to be filed with the Court, the timing for filing and service shall be governed by the Northern District of California Local Rules, the Northern District of California General Orders, the standing orders of this Court and any other orders this Court may issue pertaining to the filing and service of documents.  With respect to all other documents that are required to be served, the parties have consented in writing that service by electronic means shall be allowed as set forth in Federal Rule of Civil Procedure 5(b)(2)(E) and, pursuant to the parties' agreement, (1) such service shall be deemed complete upon transmission, provided that the serving party does not learn that the transmission did not reach the person to be served; (2) such service shall have the same response time as if hand delivered; and (3) a document is deemed served on a particular day if sent by 4 p.m. Pacific Time on that calendar day; otherwise it is deemed served on the next calendar day.

DATED:  8/28/12

_____
The Honorable Richard Seeborg
United States District Court Judge