Patrick T. Michael (SBN 169745)
pmichael@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

David L. Witcoff (IL Bar No. 6183629)
(admitted *pro hac vice*)
dlwitcoff@jonesday.com
Timothy J. Heverin (IL Bar No. 6243107)
(admitted *pro hac vice*)
tjheverin@jonesday.com
Ryan M. Hubbard (IL Bar No. 6296777)
(admitted *pro hac vice*)
rmhubbard@jonesday.com
Thomas W. Ritchie (IL Bar No. 6301954)
(admitted *pro hac vice*)
twritchie@jonesday.com
JONES DAY
77 W. Wacker Dr., Ste. 3500
Chicago, IL  60601-1692
Telephone:     (312) 782-3939
Facsimile:     (312) 782-8585

Attorneys for Defendant,
FREESCALE SEMICONDUCTOR, INC.

MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
TIMOTHY LOHSE, Bar No. 177230
timothy.lohse@dlapiper.com
MICHAEL G. SCHWARTZ, Bar No. 197010
michael.schwartz@dlapiper.com
ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
SUMMER KRAUSE, Bar No. 264858
summer.krause@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

TIFFANY MILLER, Bar No. 246987
tiffany.miller@dlapiper.com
ROBERT WILLIAMS, Bar No. 246990
robert.williams@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101

Tel:  619-699-2700
Fax: 619-699-2701

Attorneys for Plaintiff
CSR TECHNOLOGY INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **CSR TECHNOLOGY, INC., a Delaware corporation,** | Case No. 3:12-cv-02619-RS |
| **Plaintiff,** | **STIPULATION AND [PROPOSED] ORDER REGARDING ELECTRONICALLY STORED INFORMATION** |
| **v.** | |
| **FREESCALE SEMICONDUCTOR, INC., a Delaware Corporation,** | |
| **Defendant.** | |

Plaintiff CSR Technology, Inc. and Defendant Freescale Semiconductor, Inc.,

(collectively, the "Parties") by and through their respective counsel, hereby stipulate and agree as

1  follows:

2  **<u>Production of Emails</u>**

3      1.      The Parties agree not to request production of e-mails from any of the other Parties

4  in this case, except that, any party, upon a showing of good cause, may request another party to

5  search and produce relevant e-mails of a specific custodian.  The Parties are not prohibited from

6  producing e-mails.  To the extent that e-mails are produced in this case, they may be utilized by

7  any party.  The Parties agree that they will not "cherry pick" and only produce helpful emails

8  from certain custodians or on certain topics.  To the extent a party voluntarily elects to produce

9  emails from a certain custodian or on a certain topic, that party, upon request, is obligated to

10  produce otherwise responsive emails from that certain custodian and/or emails on that certain

11  topic.

12  **<u>Form of Document Production</u>**

13      2.      Except as set forth in paragraph 8 below, the parties shall each produce responsive

14  and non-privileged electronic documents electronically as: (a) a Bates-stamped 300 dots per inch

15  (dpi) searchable multi-page PDF; (b) single-page Group IV .TIF images; or (c) Single Page TIF

16  images with a Concordance, Opticon, Summation and/or IPRO image load file containing

17  BegDoc, EndDoc numbers, or (d) native files.  The party producing documents shall elect in

18  which form to produce.  Color documents can be produced as black and white documents with the

19  option to get color documents if specifically requested and upon a showing of good cause by a

20  party.

21      3.      If a document is searchable in its native format, the producing party will produce it

22  in a searchable form upon a good faith request from the receiving party.  Electronic documents

23  produced under paragraph 2(b) or 2(c) will be produced with extracted text.  No party will be

24  obligated to render a document that is not searchable in its native format to searchable native

25  format for the purposes of producing the document.  To the extent a producing party provides

26  electronically-produced files in searchable format, the receiving party accepts the files "as is,"

27  and the producing party accepts no liability as to the accuracy of searches conducted upon such

28  files.

CHI-1862451v1

STIPULATION AND [~~PROPOSED~~] ORDER
REGARDING ELECTRONICALLY STORED
INFORMATION 3:12-cv-02619-RS

1    4.    For electronic documents, an ASCII text delimited file shall be produced setting

2    forth the following metadata fields:

3        Beginning Document Bates Number

4        Ending Document Bates Number

5        Beginning Attachment Bates Number

6        Ending Attachment Bates Number

7    A party is not obligated to produce metadata from an electronic document unless requested by

8    another party for good cause.  A party is never obligated to produce metadata from an electronic

9    document if metadata does not exist in the document or if the metadata is not machine-extractable.

10    5.    Scanned/paper documents should be produced in the same manner as electronic

11    documents identified in paragraphs 2 and 4.  The documents should be logically unitized (i.e., to

12    preserve page breaks between documents and otherwise allow separate documents to be

13    identified).  The producing party does not need to provide scanned/paper documents in text-

14    searchable or optical character recognition (OCR) format, unless the producing party already has

15    said scanned/paper documents in text-searchable or OCR format for its own litigation purposes.

16    The receiving party accepts the files "as is," and the producing party accepts no liability as to the

17    accuracy of searches conducted upon such files.

18    6.    Excel or similar type spreadsheets should be produced in PDF or in native format.

19    In the event that a party requests the Excel spreadsheet in native form, the producing party shall

20    produce the document in native form.

21    **Electronic Discovery**

22    7.    No party need deviate from the practices it normally exercises with regard to

23    preservation of backup tapes and systems created for the sole purpose of disaster recovery that it

24    does not otherwise exercise when not in anticipation of litigation (e.g., recycling of back-up tapes

25    is permitted).

26    8.    If responsive documents are located on a centralized server or network, the

27    producing party shall not be required to search for additional copies of such responsive

28    documents that may be located on the personal computer, or otherwise in the possession, of

CHI-1862451v1

STIPULATION AND [~~PROPOSED~~] ORDER
REGARDING ELECTRONICALLY STORED
INFORMATION 3:12-cv-02619-RS

1    individual employees absent a showing of good cause that the production of such additional

2    copies is necessary.  No party need deviate from the practices it normally exercises with regard to

3    preservation of such "additional copies" that it does not otherwise exercise when not in

4    anticipation of litigation (e.g., recycling of back-up tapes is permitted).

5    **SO STIPULATED**

6    Dated:  September 19, 2012

7                          DLA PIPER LLP (US)

8

9                          By  */s/ Erik Fuehrer*
                            MARK D. FOWLER

10                             TIMOTHY LOHSE
                            MICHAEL G. SCHWARTZ

11                             ROBERT WILLIAMS
                            TIFFANY MILLER

12                             ERIK R. FUEHRER
                            SUMMER KRAUSE

13

14                             Attorneys for Plaintiff
                            CSR TECHNOLOGY INC.

15    Dated:  September 19, 2012

16                          JONES DAY

17

18                          By  */s/ Ryan Hubbard*
                            Patrick T. Michael

19                             David L. Witcoff (Pro Hac Vice)
                            Timothy J. Heverin (ProHac Vice)

20                             Ryan M. Hubbard (Pro Hac Vice)
                            Thomas W. Ritchie (Pro Hac Vice)

21

22                             Attorneys for Defendant
                            FREESCALE SEMICONDUCTOR, INC.

23

24

25    PURSUANT TO STIPULATION, IT IS SO ORDERED.

26

27    Dated:  __9/24____, 2012

                            THE HONORABLE RICHARD SEEBORG

28                             UNITED STATES DISTRICT COURT JUDGE