| | |
|---|---|
| Patrick T. Michael (SBN 169745) | MARK D. FOWLER, Bar No. 124235 |
| pmichael@jonesday.com | mark.fowler@dlapiper.com |
| JONES DAY | TIMOTHY LOHSE, Bar No. 177230 |
| 555 California Street, 26th Floor | timothy.lohse@dlapiper.com |
| San Francisco, CA  94104 | MICHAEL G. SCHWARTZ, Bar No. 197010 |
| Telephone:   (415) 626-3939 | michael.schwartz@dlapiper.com |
| Facsimile:   (415) 875-5700 | ERIK R. FUEHRER, Bar No. 252578 |
| | erik.fuehrer@dlapiper.com |
| David L. Witcoff (IL Bar No. 6183629) | SUMMER KRAUSE, Bar No. 264858 |
| (admitted *pro hac vice*) | summer.krause@dlapiper.com |
| dlwitcoff@jonesday.com | **DLA PIPER LLP (US)** |
| Timothy J. Heverin (IL Bar No. 6243107) | 2000 University Avenue |
| (admitted *pro hac vice*) | East Palo Alto, CA  94303-2214 |
| tjheverin@jonesday.com | Tel:  650.833.2000 |
| Ryan M. Hubbard (IL Bar No. 6296777) | Fax:  650.833.2001 |
| (admitted *pro hac vice*) | |
| rmhubbard@jonesday.com | TIFFANY MILLER, Bar No. 246987 |
| Thomas W. Ritchie (IL Bar No. 6301954) | tiffany.miller@dlapiper.com |
| (admitted *pro hac vice*) | ROBERT WILLIAMS, Bar No. 246990 |
| twritchie@jonesday.com | robert.williams@dlapiper.com |
| JONES DAY | **DLA PIPER LLP (US)** |
| 77 W. Wacker Dr., Ste. 3500 | 401 B Street, Suite 1700 |
| Chicago, IL  60601-1692 | San Diego, CA  92101 |
| Telephone:    (312) 782-3939 | |
| Facsimile:    (312) 782-8585 | Tel:  619-699-2700 |
| | Fax:  619-699-2701 |
| Attorneys for Defendant, | |
| FREESCALE SEMICONDUCTOR, INC. | Attorneys for Plaintiff |
| | CSR TECHNOLOGY INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CSR TECHNOLOGY, INC.**, a Delaware corporation, | **Case No. 3:12-cv-02619-RS** |
| **Plaintiff,** | **STIPULATION AND [**~~PROPOSED~~**] ORDER REGARDING ELECTRONICALLY STORED INFORMATION** |
| v. | |
| **FREESCALE SEMICONDUCTOR, INC.,** a Delaware Corporation, | |
| **Defendant.** | |

  Plaintiff CSR Technology, Inc. and Defendant Freescale Semiconductor, Inc., (collectively, the "Parties") by and through their respective counsel, hereby stipulate and agree as

follows:

**Production of Emails**

      1.      The Parties agree not to request production of e-mails from any of the other Parties in this case, except that, any party, upon a showing of good cause, may request another party to search and produce relevant e-mails of a specific custodian.  The Parties are not prohibited from producing e-mails.  To the extent that e-mails are produced in this case, they may be utilized by any party.  The Parties agree that they will not "cherry pick" and only produce helpful emails from certain custodians or on certain topics.  To the extent a party voluntarily elects to produce emails from a certain custodian or on a certain topic, that party, upon request, is obligated to produce otherwise responsive emails from that certain custodian and/or emails on that certain topic.

**Form of Document Production**

      2.      Except as set forth in paragraph 8 below, the parties shall each produce responsive and non-privileged electronic documents electronically as: (a) a Bates-stamped 300 dots per inch (dpi) searchable multi-page PDF; (b) single-page Group IV .TIF images; or (c) Single Page TIF images with a Concordance, Opticon, Summation and/or IPRO image load file containing BegDoc, EndDoc numbers, or (d) native files.  The party producing documents shall elect in which form to produce.  Color documents can be produced as black and white documents with the option to get color documents if specifically requested and upon a showing of good cause by a party.

      3.      If a document is searchable in its native format, the producing party will produce it in a searchable form upon a good faith request from the receiving party.  Electronic documents produced under paragraph 2(b) or 2(c) will be produced with extracted text.  No party will be obligated to render a document that is not searchable in its native format to searchable native format for the purposes of producing the document.  To the extent a producing party provides electronically-produced files in searchable format, the receiving party accepts the files "as is," and the producing party accepts no liability as to the accuracy of searches conducted upon such files.

4. For electronic documents, an ASCII text delimited file shall be produced setting forth the following metadata fields:

Beginning Document Bates Number

Ending Document Bates Number

Beginning Attachment Bates Number

Ending Attachment Bates Number

A party is not obligated to produce metadata from an electronic document unless requested by another party for good cause. A party is never obligated to produce metadata from an electronic document if metadata does not exist in the document or if the metadata is not machine-extractable.

5. Scanned/paper documents should be produced in the same manner as electronic documents identified in paragraphs 2 and 4. The documents should be logically unitized (i.e., to preserve page breaks between documents and otherwise allow separate documents to be identified). The producing party does not need to provide scanned/paper documents in text-searchable or optical character recognition (OCR) format, unless the producing party already has said scanned/paper documents in text-searchable or OCR format for its own litigation purposes. The receiving party accepts the files "as is," and the producing party accepts no liability as to the accuracy of searches conducted upon such files.

6. Excel or similar type spreadsheets should be produced in PDF or in native format. In the event that a party requests the Excel spreadsheet in native form, the producing party shall produce the document in native form.

**Electronic Discovery**

7. No party need deviate from the practices it normally exercises with regard to preservation of backup tapes and systems created for the sole purpose of disaster recovery that it does not otherwise exercise when not in anticipation of litigation (e.g., recycling of back-up tapes is permitted).

8. If responsive documents are located on a centralized server or network, the producing party shall not be required to search for additional copies of such responsive documents that may be located on the personal computer, or otherwise in the possession, of

1  individual employees absent a showing of good cause that the production of such additional

2  copies is necessary. No party need deviate from the practices it normally exercises with regard to

3  preservation of such "additional copies" that it does not otherwise exercise when not in

4  anticipation of litigation (e.g., recycling of back-up tapes is permitted).

5  **SO STIPULATED**

6  Dated: September 19, 2012

                                    DLA PIPER LLP (US)

                                    By */s/ Erik Fuehrer*
                                        MARK D. FOWLER
                                        TIMOTHY LOHSE
                                        MICHAEL G. SCHWARTZ
                                        ROBERT WILLIAMS
                                        TIFFANY MILLER
                                        ERIK R. FUEHRER
                                        SUMMER KRAUSE

                                        Attorneys for Plaintiff
                                        CSR TECHNOLOGY INC.

15 Dated: September 19, 2012

                                    JONES DAY

                                    By */s/ Ryan Hubbard*
                                        Patrick T. Michael
                                        David L. Witcoff (Pro Hac Vice)
                                        Timothy J. Heverin (ProHac Vice)
                                        Ryan M. Hubbard (Pro Hac Vice)
                                        Thomas W. Ritchie (Pro Hac Vice)

                                        Attorneys for Defendant
                                        FREESCALE SEMICONDUCTOR, INC.

25 PURSUANT TO STIPULATION, IT IS SO ORDERED.

27 Dated: __9/24__, 2012                 _____
                                         THE HONORABLE RICHARD SEEBORG
28                                       UNITED STATES DISTRICT COURT JUDGE

CHI-1862451v1                                   STIPULATION AND [~~PROPOSED~~] ORDER
                              - 4 -             REGARDING ELECTRONICALLY STORED
                                                INFORMATION 3:12-cv-02619-RS