1   MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
2   TIMOTHY LOHSE, Bar No. 177230
timothy.lohse@dlapiper.com
3   MICHAEL G. SCHWARTZ, Bar No. 197010
michael.schwartz@dlapiper.com
4   ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
5   TIFFANY MILLER, Bar No. 246987
tiffany.miller@dlapiper.com
6   ROB WILLIAMS, Bar No. 246990
robert.williams@dlapiper.com
7   SUMMER KRAUSE, Bar No. 264858
summer.krause@dlapiper.com
8   **DLA PIPER LLP (US)**
2000 University Avenue
9   East Palo Alto, CA  94303-2214
Tel:  650.833.2000
10  Fax:  650.833.2001

11  Attorneys for Plaintiff
CSR TECHNOLOGY INC.

12

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17  CSR TECHNOLOGY INC., a Delaware          CASE NO.  12-CV-02619-RS
    Corporation,
18                                           **[PROPOSED] STIPULATED
                 Plaintiff,                  PROTECTIVE ORDER**
19
          v.
20
    FREESCALE SEMICONDUCTOR, INC.,
21  a Delaware Corporation,

22               Defendant.

23

24         The Court issues this Protective Order to facilitate document disclosure and production

25  under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified

26  upon proper application to this Court, this Order shall remain in effect through the conclusion of

27  this litigation.

28         In support of this order, the Court finds that:

-1-

DLA PIPER LLP (US)

1        1.      Documents or information containing confidential proprietary and business

2   information and/or trade secrets ("Confidential Information," "Highly Confidential Information,"

3   and "Proprietary Source Code") is likely to be disclosed or produced during the course of

4   discovery in this litigation by both parties and non-parties;

5        2.      The parties and non-parties to this litigation may assert that public dissemination

6   and disclosure of Confidential Information, Highly Confidential Information, or Proprietary

7   Source Code could severely injure or damage the party or non-party disclosing or producing the

8   Confidential Information, Highly Confidential Information, or Proprietary Source Code, and

9   could place that party or non-party at a competitive disadvantage;

10       3.      To protect the respective interests of the parties and non-parties, and to facilitate

11  the progress of disclosure and discovery in this case, the following Order should issue:

12               **IT IS THEREFORE ORDERED THAT:**

13       1.      This Protective Order shall apply to all information, documents, and/or things

14  subject to discovery in this action ("Discovery Material") which contain proprietary, confidential

15  and/or commercially sensitive information, as well as pleadings, testimony and other information,

16  documents and/or things designated "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES

17  ONLY," and/or "OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE." As used herein,

18  "Producing Party" shall refer to any party, including the parties to this action and non-parties,

19  who disclose and/or produce any Discovery Material in this action. "Receiving Party" shall refer

20  to the parties to this action who receive Discovery Material from a Producing Party.

21       2.      Documents, discovery responses, or testimony containing Confidential

22  Information, Highly Confidential Information, or Proprietary Source Code disclosed or produced

23  by any Producing Party in this litigation are referred to as "Protected Materials." Except as

24  otherwise indicated below, all documents, discovery responses, or testimony designated by the

25  Producing Party as "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY" or

26  "OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE," and which are disclosed or

27  produced to the attorneys for the other parties to this litigation, are Protected Materials and are

28  entitled to confidential treatment as described below.

DLA PIPER LLP (US)

-2-

1          3.      Protected Materials shall not include (a) advertising materials that have been

2    published to the general public, (b) materials that on their face show that they have been

3    published to the general public, (c) any information that is in the public domain at the time of

4    disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

5    Receiving Party as a result of publication not involving a violation of this Order, including

6    becoming part of the public record through trial or otherwise, and (d) any information known to

7    the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure

8    from a source who obtained the information lawfully and under no obligation of confidentiality to

9    the Producing Party.

10         4.      Protected Materials and any information contained therein shall be used solely for

11   the purpose of this case and shall not be used for any other purpose.

12         5.      At any time after the delivery of Protected Materials, counsel for the Receiving

13   Party or Parties may challenge the confidentiality designation of all or any portion of the

14   Protected Materials by providing written notice thereof to counsel for the Producing Party.  The

15   challenging Party must explain the basis for its belief that the confidentiality designation was not

16   proper and must give the Producing Party an opportunity to review the designated material, to

17   reconsider the circumstances and, if no change in designation is offered, to explain the basis for

18   the chosen designation.  A party that elects to press a challenge to a confidentiality designation

19   after considering the justification offered by the Producing Party may file and serve a motion

20   under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within ten

21   (10) business days after delivery of the written notice that identifies the challenged material and

22   sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a

23   competent declaration that affirms that the movant complied with the meet-and-confer

24   requirements set forth above, and that sets forth with specificity the justification for the

25   confidentiality designation that was given by the Producing Party in the meet and confer process.

26   The burden of persuasion in any such challenge proceeding shall be on the Producing Party.

27   Until the Court rules on the challenge, all parties shall continue to afford the material in question

28   the level of protection to which it is entitled under the Producing Party's designation.

DLA PIPER LLP (US)

-3-

1    6.    Confidential Treatment.  Protected Materials and any information contained

2  therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone

3  for any purpose whatsoever, except as provided for in this Order.

4    7.    "Confidential Information" as used herein refers to information that has not been

5  made public, the disclosure of which the Producing Party contends could cause harm to the

6  business operations of the disclosing party or provide improper advantage to others, including,

7  but not limited to, information that concerns or relates to (i) sales or marketing, (ii) financial

8  performance, (iii) manufacturing or other costs of doing business, (iv) license or other

9  confidential agreements, (v) design, manufacturing or research and development, (vi) technical

10  characteristics of products or manufacturing processes, or (vii) information or tangible things that

11  qualify for protection under Federal Rules of Civil Procedure 26(c).  Any document that contains

12  Confidential Information should be so designated by the Producing Party at the time of disclosure

13  by placing the notation "CONFIDENTIAL" on every page of each document so designated.  In

14  the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape,

15  computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the

16  medium and its container, if any, so as to clearly give notice of the designation.

17    8.    Documents marked "CONFIDENTIAL," and any information contained therein,

18  shall be disclosed only to the following persons:

19    (a)    Outside counsel of record in this action for the party or parties receiving

20  Protected Materials or any information contained therein;

21    (b)    Employees of outside counsel of record assigned to and necessary to assist

22  such counsel in this action;

23    (c)    Three in-house counsel employees of the Receiving Party who have signed

24  the attached undertaking and who have been identified in writing to the Producing Party no less

25  than five (5) business days before receiving any Confidential Information;

26    (d)    Outside technical or litigation consultants and experts, including their

27  support and clerical personnel, who are engaged by the party or parties receiving Protected

28  Materials for the purposes of this litigation and who are designated by each party respectively

DLA PIPER LLP (US)

-4-

1    pursuant to paragraph 13 below;

2              (e)    Outside vendors that provide photocopying, document processing,

3    translation or graphics services to outside counsel to assist such counsel in the preparation and

4    trial of this action;

5              (f)    The Court, jury, and court personnel; and

6              (g)    Any other person with the prior written consent of the Producing Party.

7         9.    "Highly Confidential Information" as used herein refers to extremely sensitive

8    "Confidential Information," disclosure of which to another Party or Non-Party would create a

9    substantial risk of harm that could not be avoided by less restrictive means, including, but not

10   limited to, extremely sensitive sales, marketing, financial, technical, manufacturing or design

11   information, licensing or other agreements, or trade secrets within the meaning of the Uniform

12   Trade Secret Act.  Any document that contains Highly Confidential Information should be so

13   designated by the Producing Party at the time of disclosure by placing the notation "OUTSIDE

14   ATTORNEYS' EYES ONLY" on every page of each document so designated.  In the case of

15   Highly Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape,

16   computer disks, etc.), the notation "OUTSIDE ATTORNEYS' EYES ONLY" shall be affixed to

17   the outside of the medium and its container, if any, so as to clearly give notice of the designation.

18        10.    Documents marked "OUTSIDE ATTORNEYS' EYES ONLY," and any

19   information contained therein, shall be disclosed only to the following persons:

20             (a)    Outside counsel of record in this action for the party or parties receiving

21   Protected Materials or any information contained therein;

22             (b)    Employees of outside counsel of record assigned to and necessary to assist

23   such counsel in this action;

24             (c)    Outside technical or litigation consultants and experts, including their

25   support and clerical personnel, who are engaged by the party or parties receiving Protected

26   Materials for the purposes of this litigation and who are designated by each party respectively

27   pursuant to paragraph 13 below;

28             (d)    Outside vendors that provide photocopying, document processing,

DLA PIPER LLP (US)

-5-

1   translation or graphics services to outside counsel to assist such counsel in the preparation and

2   trial of this action;

3       (e)  The Court, jury, and court personnel; and

4       (f)  Any other person with the prior written consent of the Producing Party.

5     11.  The Producing Party may designate Discovery Material as "OUTSIDE

6   ATTORNEYS' EYES ONLY—SOURCE CODE" if it comprises or includes confidential,

7   proprietary and/or trade secret source code ("Proprietary Source Code"). As used herein, the term

8   "source code" means (a) computer instructions and data definitions expressed in a form suitable

9   for input to an assembler, compiler, or other translator, or (b) constructs expressing the formal

10  description of a digital electronic circuit in a form suitable for input to a synthesis, simulation, or

11  other electronic design automation tool. Nothing in this Order shall obligate the parties to

12  produce any source code or act as an admission that any particular source code is discoverable.

13  However, if Discovery Material designated as "OUTSIDE ATTORNEYS' EYES ONLY—

14  SOURCE CODE" is produced, it shall be subject to the following provisions:

15      (a)  Any source code that is produced shall be made available for inspection in

16  electronic format at the Chicago office of Jones Day where Producing Party is Freescale

17  Semiconductor, Inc., and at the Silicon Valley office of DLA Piper LLP (US) where Producing

18  Party is CSR Technology Inc., during weekdays between the hours of 9 a.m. and 5 p.m. The

19  Receiving Party shall provide 3 business days notice of the inspection.

20      (b)  The source code will be made available during the inspection by the

21  Producing Party to the Receiving Party's outside counsel, consultants or experts in a private room

22  on a non-networked computer ("the Source Code Computer") attached to a stand-alone printer

23  and without interference from the Producing Party or its counsel. An attorney, paralegal, or staff

24  member employed by outside counsel for the Producing Party shall be present in the room at all

25  times during the inspection. The source code will be made available in the format in which it is

26  kept in the ordinary course of business. During the inspection, the Receiving Party may print one

27  copy of such portions of the source code as it deems in good faith to be necessary. In no event

28  may the Receiving Party print more than 35 consecutive pages of source code or more than 500

DLA PIPER LLP (US)

1    pages of source code in the aggregate during the duration of the case without prior written

2    approval by the Producing Party. In the event that the Receiving Party believes it necessary to

3    print more than 500 pages of source code, the Producing Party agrees to discuss in good faith any

4    reasonable request to print additional pages. The printed copy shall be provided to the attorney,

5    paralegal, or staff member observing the inspection. The Producing Party will label the copy with

6    Bates numbers and the "Outside Attorneys' Eyes Only – Source Code" designation and return the

7    copy to the Receiving Party within 2 business days. Except as described above, the Receiving

8    Party shall not copy, remove, or otherwise transfer any source code from the Source Code

9    Computer including, without limitation, copying, removing, or transferring the source code onto

10   any other computers or peripheral equipment. The Receiving Party shall not transmit any source

11   code in any way from the Producing Party's office of its outside counsel of record;

12            (c)        The Receiving Party's outside counsel of record and designated consultant

13   or expert shall maintain and store the paper copy of the source code produced under paragraph

14   11(a) above at their offices in a manner that prevents duplication of, transmittal from, or

15   unauthorized access to the source code, including, without limitation, storing the source code in a

16   locked room or cabinet at all times when it is not in use, and shall return each paper copy of the

17   source code produced under paragraph 11(a) to the Producing Party at the conclusion of this

18   action.

19            (d)        The Receiving Party shall not create electronic images of the source code

20   from the paper copy for use on a computer (e.g., shall not scan the source code to a PDF) and

21   shall not reproduce the source code in any way (e.g. shall not re-type the source code into a word

22   processing document or email). This paragraph 11(d) notwithstanding, the Receiving Party's

23   outside counsel of record may make no more than three (3) paper copies, not including copies

24   attached to court filings, of the source code provided by the Producing Party under paragraph

25   11(a). These copies shall be stored in a manner that prevents duplication of or unauthorized

26   access to the source code, including, without limitation, storing the source code in a locked room

27   or cabinet at all times when it is not in use, and shall be returned to the Producing Party at the

28   conclusion of this action.

-7-

DLA PIPER LLP (US)

1    (e)    The Receiving Party's outside counsel may disclose the copies of the

2  source code produced or created under paragraphs 11(a) and 11(d) only to individuals specified in

3  paragraph 12 below.

4    12.    Discovery Material designated as "OUTSIDE ATTORNEYS' EYES ONLY—

5  SOURCE CODE" may only be disclosed to:

6    (a)    Outside counsel of record in this action for the party or parties receiving

7  Protected Materials or any information contained therein;

8    (b)    Employees of outside counsel of record assigned to and necessary to assist

9  such counsel in the preparation and trial of this action;

10    (c)    Outside technical or litigation consultants and experts, including their

11  support and clerical personnel, who are engaged by the party or parties receiving Protected

12  Materials for the purposes of this litigation and who are designated by each party respectively

13  pursuant to paragraph 13 below;

14    (d)    Outside vendors that provide photocopying, document processing,

15  translation or graphics services to outside counsel to assist such counsel in the preparation and

16  trial of this action;

17    (e)    The Court, jury, and court personnel; and

18    (f)    Any other person with the prior written consent of the Producing Party.

19    13.    Prosecution Bar: Absent written consent from the Producing Party, any individual

20  who receives access to material designated as "OUTSIDE ATTORNEYS' EYES ONLY" or

21  "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved in the

22  prosecution of patents or patent applications relating to the subject matter claimed in the patents

23  asserted in this action, including the support in the specification for those claims, or any

24  confidential technical information disclosed in the "OUTSIDE ATTORNEYS' EYES ONLY" or

25  "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material, including without

26  limitation the patents asserted in this action and any patent or application claiming priority to or

27  otherwise related to the patents asserted in this action, before any foreign or domestic agency,

28  including the United States Patent and Trademark Office ("the Patent Office").  For purposes of

-8-

DLA PIPER LLP (US)

1    this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or

2    otherwise affecting the scope or maintenance of patent claims and further including original

3    prosecution, reissue, and *inter partes* review or reexamination proceedings.  This Prosecution Bar

4    shall begin when access to "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE

5    ATTORNEYS' EYES ONLY – SOURCE CODE" information is first received by the affected

6    individual and shall end after the later of (i) two (2) years from the final termination of this action

7    and exhaustion of all appeals or (ii) the conclusion of prosecution of any United States or foreign

8    patent or patent application related in any manner to the patents asserted in this action (including

9    but not limited to any continuation, divisional, or continuation-in-part patent application thereof).

10        14.    Prior to disclosing any Protected Materials to outside experts or consultants

11   identified in paragraphs 8(d), 10(c) or 12(c), the party seeking to disclose the information shall:

12   (1) have each outside expert or consultant sign a document in the form of Exhibit A hereto, and

13   (2) provide the Producing Party (whose confidential information is at issue or who produced the

14   information) with: (i) the person's name; (ii) the person's city and state of residence; (iii) the

15   person's present employer and title, (iv) an up-to-date curriculum vitae of the person; (v) an

16   identification of each entity from which the person has received compensation or funding for

17   work in his or her areas of expertise or to which the person has provided professional services,

18   including in connection with a litigation, at any time during the preceding four years; (vi) a list of

19   cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within

20   the last four years; and (vii) a general identification of the Protected Materials that it seeks to

21   disclose (for example, and without limitation, all Protected Materials, only "Confidential"

22   information, only designated information that is technical in nature, or only non-technical

23   designated information).  Within seven (7) business days of submission of this information to the

24   Producing Party, the Producing Party may object to the proposed outside expert or consultant on a

25   reasonable basis, or, if it believes in good faith that it needs more information concerning the

26   proposed expert or consultant to make a decision about whether to object, may request such

27   additional information as it believes necessary for the decision.  If the Producing Party requests

28   additional information about the individual to whom the information is proposed to be disclosed,

-9-

DLA PIPER LLP (US)

1 the deadline for the Producing Party to object to the disclosure is the later of: (a) seven (7)

2 business days after the information is provided, or (b) seven (7) business days after the party

3 seeking to disclose the confidential information declines to provide the requested information.

4         (a)     If an objection to disclosure is made within the time required, the parties

5 shall meet and confer within seven (7) business days and, if not resolved, the party seeking to

6 disclose the information must file a motion as provided in Civil Local Rule 7 (and in compliance

7 with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. In any

8 such proceeding, the Party opposing disclosure to the expert shall bear the burden of proving that

9 the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the

10 Receiving Party's need to disclose the Protected Material to its expert.

11         (b)     Where an objection is made, no such information shall be disclosed to the

12 consultant or expert until the objection is withdrawn or resolved by the Court.

13       15.     Notwithstanding any other provision herein, the Receiving Party shall not disclose,

14 carry, send, or transmit, or allow to be disclosed, carried, sent, or transmitted, in any manner, via

15 electronic means or otherwise, any Protected Material, including any summary, compilation, or

16 copy of any portion thereof, outside the boundaries of the United States of America. If a

17 Receiving Party believes compelling circumstances, such as the deposition of a witness outside

18 the United States, have arisen requiring that the Producing Party's Protected Material be hand-

19 carried out of the United States, or accessed on a secure web site from outside of the United

20 States, the Receiving Party will notify the producing party at least three (3) business days in

21 advance and the Producing Party will consider reasonable protective measures that the Court can

22 enforce to allow the requesting party's outside counsel of record to so hand-carry or access the

23 Producing Party's Protected Material under the circumstances presented. Notwithstanding the

24 provisions of this paragraph 15, the Receiving Party's outside counsel of record shall be allowed

25 to hand carry Protected Material or access or transmit Protected Material over a secured

26 connection while they are outside the United States of America, provided that they do not

27 disclose, carry, send, or transmit such Protected Material, or allow any such Protected Material to

28 be disclosed, carried, sent or transmitted, to any other person outside of the United States other

-10-

1 | than outside counsel of record.

2 |      16.     Nothing in this Protective Order shall bar counsel from rendering advice to their

3 | client with respect to this litigation and, in the course thereof, relying upon any Protected

4 | Materials, provided that counsel does not disclose Protected Materials in a manner not

5 | specifically authorized under this Protective Order.

6 |      17.     The term "copy" as used herein means any photographic, mechanical or

7 | computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole

8 | or in part, of such document or thing.

9 |      18.     To the extent that Protected Materials or information contained therein is used in

10 | depositions, at hearings, or at trial, such documents or information shall remain subject to the

11 | provisions of this Order, along with the transcript pages of the deposition testimony and/or trial

12 | testimony referring to the Protected Materials or information contained therein.

13 |      19.     Any court reporter or transcriber who reports or transcribes testimony in this

14 | action shall keep all information designated as such under this Order confidential and shall not

15 | disclose it except pursuant to the terms of this Order. Any notes or transcriptions of such

16 | testimony (and any accompanying exhibits) will be retained by the reporter or delivered to

17 | counsel of record.

18 |      20.     Any disclosing party or non-party may designate testimony on oral deposition as

19 | "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS'

20 | EYES ONLY—SOURCE CODE" under the terms of this Order by (i) so stating on the record

21 | during the deposition, or (ii) by notifying the other parties in writing of the portions of such

22 | testimony to be so designated within thirty (30) days of receipt of the official transcript by the

23 | deponent or deponent's counsel, whichever is earlier. Testimony provided during a deposition

24 | shall be treated as "OUTSIDE ATTORNEYS' EYES ONLY" until such written notification is

25 | received, or if no written notification is provided, until the expiration of the thirty (30) day period.

26 | With regard to designations made during the deposition, the designating party shall have the right

27 | to exclude from the deposition all persons not entitled under this Order to view or receive such

28 | confidential information before the taking of such testimony. If a disclosing party or non-party

DLA PIPER LLP (US)

1    promptly and timely determines that it inadvertently failed to properly designate confidential

2    testimony, it may do so by giving notice to all parties, who shall thereafter treat the materials

3    pursuant to the provisions of this Order. Any transcript portion that contains testimony so

4    designated shall be labeled in a visible manner with the "CONFIDENTIAL," "OUTSIDE

5    ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY—SOURCE

6    CODE" legend, and if requested by the designating party, shall be bound in a separate, sealed

7    volume by the court reporter.  If either party intends to offer any evidence at trial based on

8    Proprietary Source Code, both parties hereby agree to jointly move the Court to take appropriate

9    measures to preserve the confidentiality of the Proprietary Source Code to the extent reasonably

10   practicable.

11           21.      Inadvertent or unintentional production of documents or information containing

12   Confidential Information, Highly Confidential Information, or Proprietary Source Code that are

13   not designated "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE

14   ATTORNEYS' EYES ONLY—SOURCE CODE" shall not be deemed a waiver in whole or in

15   part of a claim for confidential treatment.

16           22.      The party or parties receiving Protected Materials shall not under any

17   circumstances sell, offer for sale, advertise, or publicize Protected Materials or any information

18   contained therein.

19           23.      Nothing in this Protective Order shall preclude any party to this lawsuit or its

20   attorneys (a) from showing Protected Material designated as "CONFIDENTIAL." "OUTSIDE

21   ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY—SOURCE

22   CODE" to an individual who either prepared the Protected Material or reviewed it prior to the

23   filing of this action, or (b) from disclosing or using, in any manner or for any purpose, its own

24   Protected Material designated as "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES

25   ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE."  Notwithstanding

26   any designation of Protected Material by a Producing Party under this Order, any witness may be

27   shown at a deposition, and examined on, any Protected Material that the witness authored,

28   previously reviewed, or previously received.  The witness may also be shown at a deposition, and

-12-

DLA PIPER LLP (US)

PROTECTIVE ORDER
12-CV-02619-RS

1    examined on, any Protected Material for which specific documentary or testimonial evidence

2    indicates (i) that the Protected Material was communicated to or from the witness, or (ii) that the

3    witness was involved in the specific matter(s) addressed in the Protected Material, or if the

4    Producing Party of the Protected Material agrees.  In addition, Protected Materials may be shown

5    without restriction to a witness designated to testify for the Producing Party pursuant to Federal

6    Rule of Civil Procedure 30(b)(6).

7           24.     This Order does not affect or alter a Producing Party's rights to refuse to disclose

8    information properly subject to the attorney-client privilege or the attorney work-product

9    doctrine.  Inspection or production of disclosure or Discovery Material shall not constitute a

10   waiver of the attorney-client privilege or work product immunity or any other applicable privilege

11   if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or

12   unintentional disclosure, the Producing Party designates any such disclosure or discovery material

13   as within the attorney-client privilege or work product immunity or any other applicable privilege

14   and requests return of that disclosure or discovery material to the Producing Party.  Upon request

15   by the Producing Party, the Receiving Party shall, as applicable, (a) return all paper production

16   copies and all electronic and/or optical media and (b) permanently delete or destroy all electronic

17   copies of inadvertently produced documents within five (5) business days of the request. In no

18   case will the return, deletion or destruction of requested documents be delayed or refused by

19   reason of a Party's objection to said designation or by the filing of a motion to compel, nor may

20   such motion assert as a ground for production the fact of the inadvertent production. Nothing

21   herein shall prevent the Receiving Party from challenging the propriety of the attorney-client

22   privilege or work product immunity or other applicable privilege designation by submitting a

23   written challenge to the Court, after returning all copies of the inadvertently-produced documents.

24   The express intent of this provision is to modify any existing statutory or case law interpreting the

25   inadvertent production of privileged materials or protective order provisions governing same.

26   Specifically, for purposes of this case and this Order, any production of privileged disclosure or

27   discovery material, regardless of quantity or circumstance, during discovery in this case will be

28   considered inadvertent under this provision unless the privileged material was knowingly

-13-

DLA PIPER LLP (US)

PROTECTIVE ORDER
12-CV-02619-RS

1  produced with the specific and express intent to waive privilege with respect to the disclosure or

2  discovery material. If a Receiving Party learns that it has received from a Disclosing Party a

3  document or thing that appears on its face to contain privileged material that has been

4  inadvertently disclosed, the Receiving Party shall immediately notify the Disclosing Party of the

5  identity of the material that appears on its face to be privileged.

6  25. In the event that a party reasonably believes that, due to a confidentiality

7  obligation owed to a non-party, it cannot produce certain information ("Restricted Information")

8  in this action, said party shall within ten (10) business days of discovering such obligation (i)

9  provide written notification to the non-party that Restricted Information is subject to disclosure in

10  this action, and (ii) provide the non-party with a copy of this Order. When such written notice is

11  given to the non-party, the disclosing party will advise the potential Receiving Party that such

12  notice has been given. The non-party shall have fourteen (14) business days from receipt of the

13  written notice in which to seek relief from the Court if the non-party so desires. If the fourteen

14  (14) business days elapse without the third party seeking relief from the Court, the party from

15  which production is requested may (a) seek a protective order from the Court, or (b) produce the

16  requested Restricted Information in accordance with the terms of this Protective Order.

17  26. After termination of this litigation, the provisions of this Order shall continue to be

18  binding, except with respect to those documents and information that become a matter of public

19  record. This Court retains and shall have continuing jurisdiction over the parties and recipients of

20  the Protected Materials for enforcement of the provisions of this Order following termination of

21  this litigation.

22  27. Within thirty (30) days following the final termination of this action by dismissal,

23  judgment, or settlement, counsel for the party or parties receiving Protected Materials shall certify

24  destruction or return the Protected Materials to the counsel for the party or parties disclosing or

25  producing the Protected Materials. Notwithstanding this provision, counsel for the party or

26  parties are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

27  memoranda, correspondence or attorney work product, even if such materials contain Protected

28  Material. Any such archival copies that contain or constitute Protected Material remain subject to

-14-

DLA PIPER LLP (US)

PROTECTIVE ORDER
12-CV-02619-RS

1    the Protective Order.

2         28.    This Order shall be binding upon the parties and their attorneys, successors,

3    executors, personal representatives, administrators, heirs, legal representatives, assigns,

4    subsidiaries, divisions, employees, agents, independent contractors, or other persons or

5    organizations over which they have control.

6         29.    Without written permission from the Producing Party or a court order secured after

7    appropriate notice to all interested persons, a party may not file in the public record in this action

8    any Protected Material.  A party that seeks to file under seal any Protected Material must comply

9    with Civil Local Rule 79-5.

10        30.    Nothing in this Order abridges the right of any person to seek modification by the

11   Court in the future.

12        31.    By stipulating to the entry of this Protective Order, no Party waives any right it

13   otherwise would have to object to disclosing or producing any information or item on grounds not

14   addressed in the Protective Order.  Similarly, no party waives any right to object on any ground to

15   use in evidence of any of the material covered by this Protective Order.

16   **SO STIPULATED**

17   Dated:  October 29, 2012

18                                  DLA PIPER LLP (US)

19

20                                  By */s/ Erik R. Fuehrer*
                                       MARK D. FOWLER
21                                     TIMOTHY LOHSE
                                       MICHAEL G. SCHWARTZ
22                                     ROBERT WILLIAMS
                                       TIFFANY MILLER
23                                     ERIK R. FUEHRER
                                       SUMMER KRAUSE
24
                                       Attorneys for Plaintiff
25                                     CSR TECHNOLOGY INC.

26

27

28

DLA PIPER LLP (US)                          -15-

1   Dated:  October 29, 2012

2                                              JONES DAY

3

4                                              By */s/ Thomas W. Ritchie*
                                                   Patrick T. Michael
                                                   David L. Witcoff (Pro Hac Vice)
5                                                   Timothy J. Heverin (ProHac Vice)
                                                   Thomas W. Ritchie (Pro Hac Vice)
6
                                                   Attorneys for Defendant
7                                                   FREESCALE SEMICONDUCTOR, INC.

8

9

10  PURSUANT TO STIPULATION, IT IS SO ORDERED.

11

12  Dated: _11/1_____, 2012

13                                              THE HONORABLE RICHARD SEEBORG
                                                UNITED STATES DISTRICT COURT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              -16-
DLA PIPER LLP (US)

1

## **ECF CERTIFICATION**

2        I, Erik R. Fuehrer, am the ECF User whose identification and password are being used to

3   file this [PROPOSED] STIPULATED PROTECTIVE ORDER in compliance with Civil Local

4   Rule 5.1, and that concurrence in the filing of this document has been obtained from Thomas W.

5   Ritchie, counsel for Defendant FreeScale Semiconductor, Inc., on October 25, 2012.

6        I declare under penalty of perjury under the laws of the United States that the foregoing is

7   true and correct.

8   Dated:  October 29, 2012                    */s/ Erik R. Fuehrer*

9                                                        Erik R. Fuehrer

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)

-17-

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CSR TECHNOLOGY INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>FREESCALE SEMICONDUCTOR, INC.,<br>a Delaware Corporation,<br><br>    Defendant. | CASE NO.  12-CV-02619-RS<br><br>**[PROPOSED] PROTECTIVE ORDER** |

CONFIDENTIALITY UNDERTAKING OF:_____.

   1.  My home address is:

_____.

   2.  My present employer is and the address of my present employment is:

_____.

   3.  My present occupation or job description is:

_____.

   4.  I have received a copy of the Protective Order ("Protective Order") in this action.

   5.  I have carefully read and understand the provisions of the Protective Order in this action.

   6.  I will comply with all of the provisions of the Protective Order.

   7.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action in strict compliance with the terms and conditions of the Protective Order, any confidential information which is disclosed to me.  I acknowledge that termination of the litigation does not release me from the obligations set out in this paragraph.

   8.  At the conclusion of this action or my engagement with this action I will return all

-18-

DLA PIPER LLP (US)

1   confidential information that comes into my possession, and documents or things which I have

2   prepared relating thereto, to counsel for the party by whom I am employed or retained in strict

3   accordance with the provisions of the Protective Order.

4           9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

5   the Protective Order in this action.

6           10.     Any accompanying resume or curriculum vitae is a complete and accurate

7   statement to the best of my knowledge, and I acknowledge that in submitting such resume or

8   curriculum vitae I know that the receiving party shall rely thereon.

9

10                                          Signature:_____

11                                          Date:_____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)

-19-